Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50383 | **DATE** | 11/6/2001 |
| **CASE TITLE** | Robinson vs. Honeywell Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, defendant's motion to dismiss and strike is denied. Honeywell is to answer the complaint within 10 days after entry of this Order. The parties are to schedule a settlement conference before this court within 30 days; the real parties in interest and their counsel are required to attend.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV - 7 2001 date docketed | |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | NOV - 7 2001 | |
| /SEC | courtroom deputy's initials | 2001 NOV -6 PM 3:20 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

On May 11, 2001, defendant Honeywell, Inc. (incorrectly referred to as "Honeywell, Corp., Microswitch Division"), filed a second motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and motion to strike pursuant to Fed. R. Civ. P. 12(f), which has been fully briefed. The court has jurisdiction over Robinson's complaint pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3), and venue is proper as the alleged events occurred in this district and division.

The court is concerned with the conduct of both parties in this case. Honeywell is, no doubt, frustrated with Robinson's failure to attach her discrimination charge(s) to her complaint and her seeming inability to identify the correct charge(s) which forms the basis of this lawsuit. Such confusion may stem from the fact that Robinson has filed multiple charges with several agencies. Neither side has mentioned that Robinson's complaint refers to at least three discrimination charges filed with the Equal Employment Opportunity Commission ("EEOC"), on August 25, 1998, March 9, 1999, and on March 23, 2000 (Compl. ¶¶ 7, 17), and it is unclear from which charge the Notice of Right to Sue stems. The discovery process, particularly requests to admit, interrogatories and taking Robinson's deposition, is the ideal avenue for straightening out this confusion. In addition, Honeywell's motion to dismiss is based on the argument that the entire complaint falls outside the scope of the EEOC charge plaintiff's counsel apparently erroneously identified as the charge at issue. Regardless of which EEOC charge forms the basis of this lawsuit, Honeywell's scope argument does not apply to Robinson's § 1981 claim in Count II. See Patterson v. McLean Credit Union, 491 U.S. 164, 180 (1989) (Title VII's elaborate administrative procedures, implemented through the EEOC, do not apply to § 1981 claims), superseded by statute on unrelated grounds by Civil Rights Act of 1991, 42 U.S.C. § 1981(b).

Honeywell's motion to strike paragraphs 10 and 16 (a paragraph Honeywell has moved twice to strike) is denied. See Davis v. Ruby Foods, Inc., No. 00-4025, 2001 U.S. App. Lexis 22487, at *7 (7th Cir. Oct. 18, 2001) (defense counsel should not move to strike extraneous matter unless its presence in the complaint is actually prejudicial to the defense; such motions are what give "motion practice" a deservedly bad name). Regarding paragraph 16, that the court found certain statements to be irrelevant when addressing a motion for summary judgment in a different case does not automatically mean such evidence is irrelevant in this lawsuit, and the court is especially not prepared to make such a finding at this stage.

Honeywell is to answer the complaint within 10 days after entry of this Order. The parties are to schedule a settlement conference before this court within 30 days; the real parties in interest and their counsel are required to attend. Honeywell's request for sanctions is not properly presented and in any event, is denied.