

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50383 | **DATE** | 9/30/2002 |
| **CASE TITLE** | Robinson vs. Honeywell, Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted and this case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | Document Number |
| X | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | | |
| X | Copy to judge/magistrate judge. | 02 SEP 30 PM 2:47 | 9-30-02 | | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Victoria Robinson, an African-American, brought this action pro se against defendant, Honeywell, Inc., her employer. Count I claims disparate treatment based on race, hostile work environment racial discrimination, and retaliation for making charges of racial discrimination in violation of 42 U.S.C. § 2000e et seq. ("Title VII"). Count II asserts a violation of 42 U.S.C. § 1981 ("Section 1981"). Jurisdiction is proper under 42 U.S.C. §§ 2000e-5 (f) (3) and 28 U.S.C. § 1331. The disparate treatment and retaliation allegations in the complaint concern plaintiff being wrongly accused of reading a newspaper on the job, not getting a raise in July 1999, being disciplined after being verbally abused by a white co-worker, and being harshly criticized by her supervisor. Her hostile work environment allegations concern unfair discipline, "co-workers and Human Resources' attitude toward the [p]laintiff . . . [being] told she needed to kiss a whole lot of ass and the use of 'nigger' in the work place . . . ." (Compl. ¶15) Defendant moved for summary judgment.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See Hall v. Bodine Elec. Co., 276 F.3d 345, 352 (7th Cir. 2002). In order to avoid summary judgment, a plaintiff needs to supply evidence sufficient for a jury to render a verdict in plaintiff's favor. See Basith v. Cook County, 241 F.3d 919, 926 (7th Cir. 2001).

Plaintiff's response to the summary judgment motion fails to comply with LR 56.1 (b). The response does not contain a supporting memorandum of law as required by LR 56.1(b)(2). It does not contain concise responses to the facts set out in defendant's LR 56.1(a) statement and does not contain appropriate citations to supporting documentation in the record. LR 56.1(b)(3)(A). It does not contain any opposing affidavits and the materials supplied are not admissible evidence as presented. On a summary judgment motion, "[t]he facts must be established through one of the vehicles designed to ensure reliability and veracity–depositions, answers to interrogatories, admissions and affidavits. When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence." Martz v. Union Labor Life Ins. Co., 757 F.2d 135, 138 (7th Cir. 1985); see also Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000), cert. denied, __ U.S. __, 122 S.Ct. 354 (2001) (court may consider properly authenticated and admissible documents). The documents submitted by plaintiff have not been identified by affidavit nor has any other basis for admissibility of these documents been provided. Therefore, the court cannot consider these documents. See Martz, 757 F.2d at 138.

To the extent Plaintiff's response is considered to be a LR 56.1(b)(3)(B) statement of additional uncontested material facts, it is also deficient and cannot be considered. LR 56.1 (b)(3)(B) requires the party opposing summary judgment to file "a statement consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." Plaintiff's statement refers only generally to documents and those documents are not admissible. Plaintiff's response is stricken sua sponte. See Greer v. Board of Educ. of the City of Chicago, 267 F.3d 723, 727 (7th Cir. 2001) (pro se plaintiff required to adhere to LR 56.1). Accordingly, the court accepts as true all material facts in defendant's statement of facts that are supported by citations to the record. See Brasic v. Heinemann's, Inc., 121 F.3d 281, 285 (7th Cir. 1997).

To establish a Title VII race discrimination disparate treatment claim, or a claim under Section 1981, plaintiff must present direct evidence of discrimination or proceed under the indirect method. Plaintiff presents no direct evidence. Under the indirect method, plaintiff must establish a prima facie case by showing (1) she belongs to a protected class; (2) she was meeting her employer's legitimate expectations; (3) she suffered a materially adverse employment action; and (4) other similarly situated employees were treated differently. See Traylor v. Brown, 295 F.3d 783, 788 (7th Cir. 2002) (Title VII); Vakharia v. Swedish Covenant Hosp., 190 F.3d 799, 806 (7th Cir. 1999) (Section 1981), cert. denied, 530 U.S. 1204 (2000). To establish a retaliation claim plaintiff must present direct evidence of retaliation or proceed under the indirect method. Plaintiff presents no direct evidence. Under the indirect method, plaintiff must establish a prima facie case by showing (1) she engaged in protected activity; (2) she was meeting her employer's legitimate expectations; (3) she suffered a materially adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in protected activity. See Hilt-Dyson v. City of Chicago, 282 F.3d 456, 465 (7th Cir. 2002).

Plaintiff's Title VII and Section 1981 discrimination claims and her retaliation claim all fail. Plaintiff was not disciplined and suffered no adverse employment action because of the newspaper incident. (LR 56.1 (a) ¶ 18 ) There is no evidence other similarly situated employees who were not members of a protected class or who did not engage in statutorily protected activity were treated more favorably concerning the denial of the July 1999 pay raise. (Id. ¶37) Plaintiff suffered no adverse employment action (she was not formally disciplined, no memorandum or write-up was placed in her file, and no suspension was given) for the confrontation with a co-worker. (Id. ¶¶148-50) There is no evidence the harsh criticism received from a supervisor was different than that received by similarly situated employees who were not members of a protected class or did not engage in statutorily protected activity.

To establish a claim based on a racially hostile work environment plaintiff must demonstrate the environment was both subjectively and objectively hostile. See Logan v. Kautex Textron N. Am., 259 F.3d 635, 641 (7th Cir. 2001). Whether it is a hostile environment depends on the frequency of the discriminatory conduct, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interferes with the employees work performance. Id. The facts set forth in defendant's LR 56.1 (a) statement, which as discussed above are taken as true because plaintiff has not refuted them, do not show frequent discriminatory conduct, conduct that was threatening or humiliating, or unreasonable interference with plaintiff's work performance.

For the foregoing reasons, defendant's motion for summary judgment is granted and this case is dismissed in its entirety.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Victoria Robinson

v.

Honeywell Corp.

**JUDGMENT IN A CIVIL CASE**

Case Number: 00 C 50383

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted and this case is dismissed in its entirety.

All orders in this case are now final and appealable.

Date: 9/30/2002

Michael W. Dobbins, Clerk of Court

Susan M. Wessman, Deputy Clerk